RUTH A. CROWELL *vs.* JOHN UTLEY and another.

Penobscot. Opinion June 30, 1882.

*Practice. Tax-title. Stat. 1880, c. 214.**

If a demandant claims to recover land by virtue of a tax-title, he must make out a *prima facie* case before the defendant is required by stat. 1880, c. 214, to deposit the amount of the taxes and charges, in order to be allowed to contest the validity of such tax-title.

A party who claims under or declares upon a tax-title, must produce some evidence of such title before the other party can be required to deposit

---

*See *Straw* v. *Poor,* the case next following.

with the court the amount of the taxes and charges, and there cannot be any grade or degree of proof short of a *prima facie* case.

ON REPORT.

Writ of entry to recover certain premises in Bangor which the plaintiff claims under a tax sale, under the provisions of R. S., c. 6, § 159, *et seq*.

The case is stated in the opinion.

*H. L. Mitchell*, for the plaintiff.

R. S., 1857, c. 6, § 145, which was before the court for construction in *Orono* v. *Veazie*, 57 Maine, 517, differs materially from stat. 1880, c. 214.

In the former, he who would contest a tax-title, must first pay or tender all such taxes, legal charges and interest thereon and all costs of suit to the other party ; and there was propriety in requiring a *prima facie* case to be made out, as stated in *French* v. *Patterson*, 61 Maine, 203, before one party should be obliged to pay or tender all such sums to the other party. Under the latter he has only to deposit the taxes, etc. with the clerk of the court to be finally disposed of as the court directs ; and he has no standing in court until such deposit is made.

No hardship is thus imposed. It is a means of securing the just proportion of the public expense of the owner of real estate who claims protection of person and property, a hearing in court and trial by jury, in trying to avoid such payment. If the assessment is found valid, the party ought to pay the taxes, if invalid or if the tax-title is upheld, the court can direct the money to be returned, if equity requires that to be done. Stat. 1880, c. 214, repeals the former acts. *Knight* v. *Aroostook R. R.* 67 Maine, 291 ; *Commonwealth* v. *Kelliher*, 12 Allen, 480 ; *Smith* · v. *Sullivan*, 71 Maine, 150 ; *York* v. *Goodwin*, 67 Maine, 260 ; *Grosvenor* v. *Chesley*, 48 Maine, 369, so that no payment or tender can now be required by virtue of those acts.

Counsel further ably argued the question of the constitutionality of the 1880 statute.

*Wilson and Woodard*, for the defendants.

PETERS, J. This is a real action, in which the demandant claims the *locus* under a tax-title. The case is sent to us upon a brief report, to obtain the decision of these two questions of law. *First:* Must the demandant establish a *prima facie* case of tax-title, as was held in *Orono* v. *Veazie*, 57 Maine, 517, before the defendant can be required to deposit the amount of taxes and expenses, to authorize a defense against the validity of the tax-title? *Second:* If not so, are the acts, which dispense with the necessity of such proof, constitutional?

There is no occasion to consider the second question. The first question may be regarded as settled by the case of *Wiggin* v. *Temple*, 73 Maine, 380, in which case, upon a review of the various statutory provisions upon the subject by DANFORTH, J., the doctrine of *Orono* v. *Veazie*, *supra*, is adhered to, and is regarded as undisturbed by any of the statutes passed since that decision was made. The conclusion reached is, that the later acts are declarative and cumulative only, and were not intended to repeal the act of 1874, (c. 234, laws of 1874,) which requires a *prima facie* case to be made, by the person claiming under a tax-title, before the deposit shall be required to enable the defendant to undertake to defend. See *Allen* v. *Morse*, 72 Maine, 502.

We do not see how it can be otherwise, upon any reasonable view of even the statute of 1880, the most intensified of all the acts touching the matter, which reads thus : "No person contesting the validity of any sale of land for non-payment of taxes, shall be permitted to commence, maintain or defend any action at law or in equity, involving the validity of such sale, until he shall have deposited with the clerk of the court in which such action is to be commenced or defended, the amount of all taxes, interest and costs accruing under such sale, and of all taxes paid after such sales and interest thereon, to be paid out by order of court to the party legally and equitably entitled thereto."

How can it appear that the validity of a sale is involved in a case, when no evidence of a sale is introduced? How can "the amount of all taxes, interest and costs arising under *such* sale," be ascertained, unless there is evidence that a sale has been made?

Is it enough for a demandant to say in court that he has a tax-title, or that he claims under one? Will his word be taken? Or is it enough for a demandant to allege the fact in the declaration or writ? Will his assertion of the fact be taken without proof? No one would deny that there must be some proof that the assertion is true. Then, how much evidence must be produced? Shall it be what the demandant calls evidence of sale, or shall it be legal evidence of a sale? Is it enough to raise a suspicion or prove a possibility that a sale has been made? Is an attempt at sale to be of the same efficacy as a sale indeed? We think not. It cannot be said that a sale of land is involved in a case, when there is not *prima facie* evidence that a sale has been made. From the nature of things, if any evidence is required, there must be a *prima facie* case. Between no evidence at all and evidence to make a *prima facie* case, there cannot be grades or degrees of probability. A claim supported with evidence less than enough to make a *prima facie* case, is not supported at all. In a very literal sense, a case might be said to involve the validity of a tax sale, though the deed presented be a forgery, or be made by a stranger instead of a collector or treasurer, or though it might not contain evidence of a single step properly taken to produce a forfeiture, such as may be required by law. We think the law of 1880 cannot be amenable to such an interpretation.

But the defendant cannot "defend any action at law," until he makes the deposit. Defend against what? Defend against an assertion, or suggestion, or an allegation which is not supported by any proof? That cannot be. Nor can an owner of land "*commence* an action at law" to recover his land, if a tax-title is involved, without a deposit of the taxes. But his writ makes no mention of tax-title, nor can it be known in advance that any defense of any kind will be set up. It is very easy to see that there would be very great incongruity in an exact and literal interpretation of the statute, if not an impossibility that such an interpretation could be practically upheld.

Further, depositing the money would be a purposeless thing, if the demandant cannot make out even a *prima facie* case,

because in such event the money cannot ever be his. In *Belfast Savings Bank* v. *Kennebec Land and Lumber Co.* 73 Maine, 404, it is held that the money in such case must be restored to the depositor. "To hold otherwise," says WALTON, J., in the case cited, "would make a tax illegally assessed as collectible by a sale of the land as one in the assessment of which all the requirements of the law had been scrupulously complied with."

The present case, as reported, does not require us to decide whether the treasurer's deed makes out a *prima facie* case or not; that question is not discussed.

*Action to stand for trial.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.